### GEORGE T. COULTER *v.* EMMA McCORD SCHOFIELD.

### No. 2029.

ARGUED SEPTEMBER 11, 1931.            DECIDED SEPTEMBER 14, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In an action at law, tried without a jury, the court, on May 20, 1931, filed its written opinion in favor of the defendants and against the plaintiff. On May 29 plaintiff filed a written exception to the decision. On May 28 formal judgment was entered pursuant to the decision. On June 4 plaintiff filed an exception to the judgment. These two exceptions and no others were incorporated in a bill of exceptions which was presented to the trial judge on June 10. The defendant appellee now moves that the bill of exceptions be dismissed on the ground that it was not presented to the trial judge within the time prescribed by law. The contention made in her behalf is that the time allowed by law for this purpose was only ten days and that no extension of this time limit was procured from the trial judge. The statutory provision on the subject is to be found in section 2515, R. L. 1925. That section reads as follows: "A party may allege exceptions to any such opinion, direction, instruction, ruling or order, and the same being reduced to writing in a summary mode, and presented to the judge within ten days after the opinion, direction, instruction, ruling or order objected to, and being found conformable to truth, shall be allowed and signed by the judge, but if the judge shall refuse to allow and sign such exceptions, the truth of the allegation therein contained, may, nevertheless, be established before the supreme court, and the exceptions allowed by it; provided, that further time may be allowed by the judge in his discretion; and provided further, that if such exceptions are reported by a stenographer or entered in the judge's minutes, they need not be written out or presented to or allowed or signed by the judge within such time, but may be written out at the request of the party taking such exceptions, and allowed and signed by the judge and filed with the

clerk at any time, and any such exceptions, whether so reduced to writing in a summary mode and allowed and signed by the judge, or so written out whether allowed or signed by the judge or not, or filed with the clerk or not, may at any time within twenty days after verdict or when there is no verdict, after judgment rendered, or, in the case of exceptions taken subsequently to verdict or judgment, after the opinion, direction, ruling or order to which said exceptions are taken, or such further time as may be allowed by the judge, be incorporated in a bill of exceptions and presented to the judge, and, being found conformable to the truth, shall be allowed and signed by him, and if he shall refuse to allow and sign the same, the truth of the allegations therein contained, may, nevertheless, be established before the supreme court and the exceptions allowed by it."

In considering this matter a distinction must be observed between the exceptions which a losing party may file in writing or note orally and a bill of exceptions. When written exceptions are filed the provision is clear, in the first part of the section quoted, that they must be filed within ten days from the date of the "opinion, direction, instruction, ruling or order objected to." It is equally clear to us that under the latter part of the section exceptions, whether written or oral, may be incorporated in a bill of exceptions at any time within twenty days from the verdict or judgment. A bill of exceptions is a formal statement, certified by the trial judge, of relevant facts occurring in the trial court, including the exceptions noted, whether verbal or written, by the losing party. It is a statement of exceptions which prior to the presentation of the bill were noted in some lawful manner to the rulings or judgment complained of. The section quoted provides that when the exceptions are in writing they must be filed within ten days of the

action alleged to be erroneous and that when they are oral and are reported by a stenographer or entered in the judge's minutes, they "may be written out * * * and allowed and signed by the judge and filed with the clerk at any time,"—subject, obviously, to the limitation that they must be filed at least within the time within which the bill of exceptions itself must be presented. The provision relating to the filing of written exceptions was enacted in recognition of a practice prevailing prior to the Judiciary Act of 1892 of which the earlier part of this section was a part and also doubtless because, even since stenography has been known and used in reporting cases, there may be occasions when, owing to the absence, incompetence or incapacity of the stenographer or for other cause, it will seem desirable to prospective appellants to note their exceptions in writing. Such exceptions are certainly necessary when an opinion or judgment is filed when the court is not in session and in the absence of the parties and their attorneys. Both parts of the section, that relating to the ten-day limitation for filing exceptions and that relating to the twenty-day limitation for presenting bills of exceptions, are based upon reason and serve useful purposes. They are not inconsistent with each other.

It is undisputed that in the case at bar the written exceptions were filed within the ten days and that the bill of exceptions was presented to the judge within the twenty days. The motion to dismiss is therefore denied.

*H. E. Stafford* for the motion.

*J. R. Cades* contra.